# United States Court of Appeals for the Fifth Circuit

_____

No. 23-40597

_____

United States Court of Appeals
Fifth Circuit

**FILED**

July 11, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Ernesto Alonzo Ramirez,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:98-CR-620-1

_____

Before Smith, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Ernesto Alonzo Ramirez, federal prisoner # 81642-079, moves for leave to proceed in forma pauperis (IFP) in his appeal from the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. He is currently serving an aggregate term of life imprisonment for a continuing criminal enterprise and conspiracy to launder monetary instruments.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-40597

In his brief on appeal, Ramirez argues that the district court misapplied legal standards and failed to recognize the breadth of his extraordinary and compelling reasons for compassionate release. He contends that recent changes to the policy statement in U.S.S.G. § 1B1.13 (2023), particularly subsection (b)(6), are valid and support his compassionate release. He argues further that he presented an overwhelming case for his compassionate release because (1) he was sentenced to life in prison pursuant to mandatory Sentencing Guidelines when he was only 22 years old; (2) he has spent more than half of his life in prison; (3) his life sentence would likely no longer be mandated under current sentencing norms; (4) he has faced serious medical issues, which render him more vulnerable to COVID-19; (5) he is recently married and has family support; and (6) despite his disciplinary issues, he has made substantial rehabilitative efforts while in prison. Ramirez also argues that the district court improperly balanced the 18 U.S.C. § 3553(a) factors because the court emphasized the severity of his past actions over his current circumstances, his post-sentence rehabilitation, and the broader goals of sentencing today.

The record reflects that the district court explicitly considered the relevant § 3553(a) factors and determined that they weighed against granting a sentence reduction. In particular, the district court considered the nature and circumstances of the offense, Ramirez's history and characteristics, and the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from Ramirez's future crimes. *See* 18 U.S.C. § 3553(a)(1), (2)(A)-(C). Ramirez's disagreement with the district court's balancing of the § 3553(a) factors is insufficient to show an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020). Because Ramirez fails to identify a nonfrivolous argument that the district court abused its discretion by denying relief based on the balancing of the

No. 23-40597

§ 3553(a) factors, we need not consider his arguments regarding extraordinary and compelling reasons. *See United States v. Rollins*, 53 F.4th 353, 358 (5th Cir. 2022); *Chambliss*, 948 F.3d at 693-94.

Accordingly, his motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.